John **GALLARD**, Plaintiff,

v.

**UNITED STATES of America GOVERNMENT, Currency Control Dept., Securities Exchange Commission, Federal Bureau of Investigation, C. Lee Larson, Esq., John Shockey, Defendants.**

No. 94 Civ. 8535 (HB).

United States District Court,
S.D. New York.

May 10, 1995.

---

John Gallard, pro se.

Maya Wiley, Asst. U.S. Atty., New York City, for defendants.

### *ORDER*

BAER, District Judge.

The defendants' motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted.

Plaintiff John Gallard claimed that defendants damaged his business by engaging in a Securities and Exchange Commission ("SEC") investigation during which the SEC subpoenaed certain information concerning plaintiff's financial transactions from third party banks, brokers, and individuals. This contact, asserted Gallard, led to entities ceasing their business with him.

I have reviewed *in camera* the correspondence that the SEC sent out. While the correspondence related that the SEC was in the process of conducting an "investigation," it almost always cautioned that "[t]his investigation is confidential and non-public [and that] [t]his request should not be construed as an indication by the Commission or its staff that any violations of law have occurred nor should it be considered a reflection upon any person, entity, or security." Notwithstanding this language, it is not difficult to envision certain third parties choosing not to do business with the subject of an SEC investigation. Because this "quarantine" appears to be an unavoidable consequence of the SEC obtaining the information it needs to police the securities markets, any resulting injury can generally not be actionable.

If, however, the subject of such an investigation can show that "a subpoena [had not been] issued in good faith but to harass or pressure the subject of an investigation, or for any other improper purpose," *SEC v. Brigadoon Scotch Distrib.*, 480 F.2d 1047, 1056 (2d Cir.1973) (stating that courts should not enforce subpoenas issued under such circumstances (citing *United States v. Powell*, 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964))), *cert. denied*, 415 U.S. 915, 94 S.Ct. 1410, 39 L.Ed.2d 469 (1974), then the interesting question arises as to whether the SEC would be liable for the subject's damages pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* That question is not reached here, because plaintiff has not credibly implicated the SEC's motive. Accordingly, defendants' Motion to Dismiss this case is granted.

**SO ORDERED.**